John W. Sweeny, J.
Movant, the second wife of defendant above, seeks to intervene in this action as parent having legal custody of two children, the issue of her marriage to defendant, based on the effect the court’s interpretation of a separation agreement between defendant and his first wife, plaintiff, will have on the well-being of these children.
No authority is cited in support of movant’s position but reliance is placed on CPLR 1012 (snbd. [a], pars. 1, 2) which grants intervention as of right when the action involves disposition of property and the person seeking to intervene may be affected adversely by a judgment against a party.
While liberal construction and application of the intervention sections are called for (Mann v. Compania Petrolera Trans-Cuba, 17 A D 2d 193,197) intervention must be restricted where the outcome of the matter to be determined will be needlessly delayed, the rights of the prospective interveners are already adequately represented, and there are substantial questions as to whether those seeking to intervene have any real present interest in the property which is the subject of the dispute.
The court in Kalkstein v. Kalkstein (278 App Div. 781) stated:
“ On the record submitted appellant has not established that he is a person who may be bound by a judgment in the action, representation of whose interest by existing parties is or may be *969 inadequate, or that he is so situated as to be adversely affected by a distribution, or other disposition of property
It was noted in Matter of Spangenberg (41 Misc 2d 584, 587) that: “ Despite the seemingly mandatory character of statutory provision for intervention, courts always exercise discretion. They deny leave to intervene if they doubt the motive of the proposed intervenor or if they deem further intervention unnecessary.”
It is obvious that the arguments to be advanced on behalf of defendant will almost certainly overlap those made on behalf of his children by his second wife and as such intervention is unnecessary.
While it cannot be disputed that a decision against defendant will affect his children, and might lower their standard of living, the question remains as to whether they have sufficient interest in the “ property ” of their father to warrant intervention.
The court thinks not. Any other decision would open the flood gates to infant intervention whenever a parent is sued, based solely upon the possibility that the prospective estate of the infant might be diminished if plaintiff prevailed.
Plaintiff’s cross motion for partial summary judgment is hereby denied as a separation agreement is not an instrument for the payment of money only and as such will not support a motion for partial summary judgment (Orenstein v. Orenstein, 59 Misc 2d 565 ; Wagner v. Cornblum, 36 A D 2d 427).