■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BOBBY HOGAN, Appellant.— Judgment, Supreme Court, New York County, rendered on March 3, 1972, convicting defendant, after a jury trial, of assault in the first degree, two counts of robbery in the first degree, grand larceny in the third degree and possession of a weapon as a felony, unanimously modified, on the law, to the extent of reversing the convictions for grand larceny in the third degree and possession of a weapon and dismissing those counts of the indictment and otherwise affirmed. Grand larceny in the third degree and possession of a weapon were lesser inclusory concurrent counts of robbery in the first degree under the facts of this case. In this case defendant could not have been found guilty of robbery in the first degree without having also been found guilty of grand larceny in the third degree and possession of a weapon. The People concede that the judgment should be modified by dismissing the convictions for grand larceny in the third degree and possession of a weapon and by vacating the concurrent sentence imposed thereon. (*People* v. *Pyles*, 44 A D 2d 784.) We have examined the other points urged by the defendant and find them without merit. Concur — Markewich, J. P., Murphy, Tilzer and Capozzoli, JJ.

■ In the Matter of TENANTS' UNION OF THE WEST SIDE, INC., et al., Respondents, v. ABRAHAM D. BEAME, as Mayor of the City of New York, et al., Respondents, and PARKCHESTER MANAGEMENT CORP., Intervenor-Respondent-Appellant.— Order, Supreme Court, New York County, entered January 17, 1975, unanimously modified, on the law and the facts, without costs, and Parkchester Management Corp. is granted leave to intervene. This is an article 78 proceeding in which petitioners-appellants, who are tenants, seek to invalidate interim orders issued by the Office of Rent Control covering maximum base rents (MBR). (See *Bedford* v. *Beame*, 45 A D 2d 950.) The intervenor-landlord and its counsel have previously been involved in a number of rent control matters and have presented the landlord's position in a responsible manner. It is contended by them that such position may not in this case be fully presented, and, in the interest of a full exploration of the subject matter, leave to intervene is granted pursuant to CPLR 7802 (subd. [d]). The court at Special Term concluded that there could be constructive help, but limited participation to a brief as *amicus curiae*. Concur — Kupferman, J. P., Lupiano, Tilzer and Capozzoli, JJ.

■ In the Matter of WILLIAM MARTIN et al., on Behalf of Themselves and All Other Persons Similarly Situated, Respondent-Appellants, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant-Respondent.— Judgment, Supreme Court, New York County, entered on October 15, 1973, directing respondent to provide petitioners and all members of their class with a "disregard" of up to $4 from November 1, 1972 to June 5, 1973, unanimously modified, on the law and on the facts, to the extent of directing that petitioners are entitled to such "disregard" retroactive to Ocober 1, 1972, and as so modified, the judgment is affirmed, without costs and without disbursements. Petitioners are entitled to the "disregard" from October 1, 1972, the date on which other categories of old age survivors and disability insurance benefits recipients became eligible for the $4 "disregard." Once it was determined that petitioners stood in the same position as others who received old age survivors and disability insurance benefits, it follows that they are entitled to those benefits as of October 1, 1972. Concur — Stevens, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.