■ In the Matter of PARK TERRACE GARDENS TENANTS ASSOCIATION et al., Respondents, v DANIEL W. JOY, as Deputy Commissioner of the Office of Rent and Housing Maintenance, Department of Housing Preservation and

Development of the City of New York, Respondent, and P.T. TENANTS
CORP. et al., Appellants. — Judgment, Supreme Court, New York County,
entered July 31, 1980, unanimously modified, on the law and the facts,
without costs, and the co-operative landlord, P.T. Tenants Corp., and its
president David C. Walentas, granted leave to intervene, and otherwise
affirmed. The intervening respondents-appellants are, respectively, the co-
operative owner of Park Terrace Gardens in upper Manhattan, and its pre-
sident. When the building was converted to co-operative ownership, it was
pursuant to a noneviction plan, and there are presently approximately 180
units still occupied by rental tenants rather than co-operators, with a large
number of them subject to rent control. The co-operative decided, among
other things, to replace the windows with double glazed aluminum windows
and applied to the respondent rent commissioner for an advisory opinion as
to a rental increase, which was granted at $1.75 per window per month on
the basis that energy conservation should be encouraged. At the time there
was in effect a Rent Control Advisory Sheet No. 4, which provided that the
written consent of the tenant was necessary for an increase when windows
are replaced, and such consent was not obtained. The petitioners-respon-
dents tenants association and certain specific tenants who had not con-
sented, contend that it was an abuse of discretion by the rent commissioner.
His superior, the head of the New York City Department of Housing Preser-
vation and Development, stated in a news release that an amendment of the
Advisory Sheet No. 4 has not been approved, even though for energy-saving
repairs, pending further consideration. Accordingly, the court at Special
Term was correct in granting the petition only to the extent of remanding
the matter for further consideration. However, while the arguments of the
intervening landlord were considered, nonetheless the motion to intervene
should have been granted. *(Matter of Tenants' Union of West Side v Beame,
47 AD2d 731.)* Concur — Murphy, P.J., Kupferman, Ross, Carro and
Bloom, JJ.