■ ARNOLD OSMAN et al., Respondents, v FRANK STERNBERG et al., Respondents, and FRANK COCOZELLO et al., Nonparty Appellants. (Matter No. 1.) In the Matter of FRANK STERNBERG, Respondent, v ARNOLD OSMAN et al., Respondents, and FRANK COCOZELLO et al., Nonparty Appellants. (Matter No. 2.) —In a stockholder derivative action brought pursuant to Business Corporation Law § 626 (matter No. 1), and a special proceeding to dissolve Long Island Paneling Centers, Inc. (matter No. 2), Frank Cocozello and Donald Robinson appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated June 15, 1989, as denied their motion, made in matter No. 1, which was to intervene in matter No. 1 and matter No. 2.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiffs-respondents.

Contrary to the proposed intervenors' assertion, the court properly denied their motion to intervene in matter No. 2, a special proceeding for the judicial dissolution of Long Island Paneling Centers, Inc. (hereinafter LIPC). LIPC is a major stockholder in two "satellite corporations" in which the proposed intervenors also hold stock. Those "satellite corporations" are not, however, the subject of any dissolution proceeding.

Generally, intervention should be permitted where the proposed intervenor has a real and substantial interest in the outcome of the proceeding (see, Plantech Hous. v Conlan, 74 AD2d 920; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1012.05). However, it should be restricted where the outcome of the matter to be determined will be needlessly delayed, the rights of the prospective intervenors are already adequately represented, and there are substantial questions as to whether those seeking to intervene have any real present interest in the property which is the subject of the dispute (see, Reurs v Carlson, 66 Misc 2d 968; CPLR 1012, 1013).

Here, there are substantial questions concerning the interest which the proposed intervenors claim to have in the dissolution of LIPC. The record indicates, and the proposed intervenors acknowledge, that they hold no stock in LIPC. Ultimately, they have made no showing that they have the

necessary standing to intervene in the dissolution proceeding *(see,* Business Corporation Law § 1103). To allow them to intervene would confuse the issues and would not result in benefit to the corporation or the stockholders *(see generally,* 20 Carmody-Wait 2d, NY Prac § 121:7; *see also, Matter of Unitarian Universalist Church v Shorten,* 64 Misc 2d 851, *vacated on other grounds* 64 Misc 2d 1027). The inclusion of the proposed intervenors in the dissolution proceeding would contribute nothing to the resolution of that controversy and would only serve to delay the outcome of the matter.

Further, since the stockholders' derivative suit has been stayed, the Supreme Court properly denied the appellants leave to intervene in that action, with leave to renew upon the expiration of the stay. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.