OPINION OF THE COURT
William H. Keniry, J.
The Attorney-General moves for an order permitting Elin M. Howe, Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD) to intervene as a respondent in this tax certiorari proceeding. Petitioners are the owners of a single family residence located at 2339 Shirl Lane in the Town of Niskayuna, Schenectady County. In 1988 the United Cerebral Palsy Association of Schenectady opened a group home at 2331 Shirl Lane, two houses away from petitioners’ home, to serve as the residence for eight developmentally disabled adults. The opening of the group home was opposed by the Town of Niskayuna and by many residents including petitioners.
This proceeding was initiated in 1991 under article 7 of the Real Property Tax Law. Petitioners seek judgment reducing the assessment on their real property from $115,000 to $107,600. Petitioners contend in their verified petition that the assessment made by the respondent Board was erroneous by reason of overvaluation. In their complaint filed with the Board seeking administrative review and correction of their assessment, petitioners alleged that the assessment should be reduced because of a "documented neighborhood loss factor due to group home”.
Issue has not been formally joined by the interposition of an answer by respondent Board but pursuant to RPTL 712 all allegations of the petition are deemed denied. Appraisals have not been filed (see, 22 NYCRR 202.59).
The proposed intervenor’s motion is supported by two affida *734 vits which describe the general procedure followed under State law for the establishment of group homes and the circumstances specifically surrounding the establishment of the Shirl Lane group home. Edward Solomon, the director of program development at the O.D. Heck/Eleanor Roosevelt Developmental Disabilities Service Office, a regional field office for OMRDD, states, in pertinent part, as follows: "14. In my opinion, if this court permitted the reduction of tax assessments on homes based on their proximity to community residences, I would be unable to find sites for many, if any, group homes.”
Richard Wolfe, an assistant counsel for OMRDD, states, in pertinent part, as follows:
"15. To that end, OMRDD, together with not-for-profit agencies like UCP, develops community residential facilities, and in the process, seeks to educate New Yorkers about the mutual benefits of these homes both for those residents of the homes and for members of the communities in which the homes are located.
"16. OMRDD has a substantial interest in ensuring that new community residential facilities continue to be established in order to meet the pressing need for these and similar homes. The demand for their residences far exceeds the current supply in New York State.
"17. OMRDD also has a substantial interest and statutory obligation to advocate on behalf of mentally disabled people, including their right to live in the most appropriate and comfortable surroundings, wherever possible.
"18. OMRDD, in furtherance of its obligation to develop community residential facilities, works cooperatively with communities and their residents to dispel stereotypical myths about the effects of these homes and their residents. These myths are frequently based on prejudice against the mentally disabled.
"19. OMRDD also has a substantial interest in eradicating discrimination against the disabled and in ensuring that State and Federal discrimination laws which prohibit discrimination against the disabled are strenuously enforced.
"20. Thus the outcome of this petition, which seeks to reduce a real property tax assessment simply on the basis of proximity to a community residence for the mentally disabled is of significance to OMRDD and its clients.
"21. In addition, OMRDD anticipates that it will share a *735 defense that it anticipates will be asserted by the Town of Niskayuna — namely, that reduction of a real property tax assessment on the basis of proximity to a community residence would be unlawful under State and Federal civil rights laws.”
A proposed answer is included as part of the motion papers.
Petitioners move by notice of cross motion for an order compelling compliance with a notice of discovery and inspection. Petitioners contend that the reasoning advanced by OMRDD to intervene is defective. Beyond that petitioners do not specifically oppose, but do not consent to the intervention of OMRDD.
Respondent Board does not oppose the motion to intervene but does oppose petitioners’ cross motion.
Intervention is permitted as of right (CPLR 1012) in three instances: when a State statute confers an absolute right to intervene (see, RPTL 740); when the representation of the proposed intervenor’s interest by the parties is or may be inadequate and the proposed intervenor is or may be bound by the judgment; and when the action involves an interest in property and the proposed intervenor may be adversely affected by the judgment. Clearly statutory law does not permit OMRDD to intervene as of right.
Intervention is permitted by permission of the court (CPLR 1013) when the proposed intervenor’s claim or defense and the pending action have a common question of law or fact.
Thus the primary question to be decided is whether or not OMRDD’s proposed defense and the pending action brought by petitioners against the Board has a common question of law or fact. Initially, it is noted that OMRDD’s proposed answer asserts a counterclaim against petitioners which alleges that petitioners, by their tax certiorari proceeding, are seeking to compel the Board to engage in an unlawful discriminatory practice by lowering their assessment based on their proximity to a group home for mentally disabled persons. It is established law that a proposed intervenor is not permitted to raise issues which are not before the court in the main action (East Side Car Wash v K.R.K. Capitol, 102 AD2d 157; see, City of Rye v Metropolitan Transp. Auth., 58 Misc 2d 932, revd on other grounds 24 NY2d 627; McGee v Horvat, 23 AD2d 271).
Intervention is to be permitted in cases wherein the proposed intervenor has "a real and substantial interest in the outcome of the proceedings” (Perl v Aspromonte Realty Corp., *736 143 AD2d 824, 825). Examination of precedent tax certiorari cases manifests that intervention has been permitted where the proposed intervenor demonstrates a direct financial stake. In Matter of Burke Apts, v Swan (137 AD2d 321), a school district was allowed to intervene since it had a financial interest in the outcome. However Supreme Court in that case refused to permit the intervenor to call its own witnesses or to cross-examine petitioner’s witnesses. The Appellate Division, Third Department, found the grant of intervention proper "given the school district’s financial interest” in the outcome of the proceeding in the form of a potential tax refund (supra, at 323). Significantly, the appellate court held the restrictions to be proper as well. In Matter of Teleprompter Manhattan Catv Corp. v State Bd. of Equalization & Assessment (34 AD2d 1033), it was held that in a proceeding against the State Board of Equalization and Assessment alleging erroneous and unlawful assessments, the city in which the property was located would be permitted to intervene since the city had a financial interest in the assessment. The Court said (supra, at 1034): "Here there are identical questions of law and fact. In reality, the city rather than the board, is the real party in interest.”
Illustrative of cases limiting intervention by school districts in tax certiorari cases is perhaps the case of Vantage Petroleum v Board of Assessment Review (61 NY2d 695, affg 91 AD2d 1037). In that case the Appellate Division, Second Department, affirmed Supreme Court’s denial of a school district’s motion to intervene. The Appellate Division observed that there is a body of cases allowing school districts to intervene in tax certiorari cases, but only where the districts have a direct financial interest in the outcome of the proceeding in the form of a potential liability to the petitioner for a tax refund. In Vantage, the Court stated there existed no such potential liability because the Suffolk County Tax Act provided that any amount of taxes which a school district otherwise might be liable to refund to taxpayers shall be refunded by the county and not the school district and shall be charged back to the town. Despite a vigorous dissent in the Appellate Division, the Court of Appeals affirmed unanimously for the reasons stated in the Appellate Division majority opinion.
What is the common question of law or fact in this case?
There is little doubt that the proposed intervenor, as the executive agency responsible for implementing and enforcing article 41 of the Mental Hygiene Law, has a general interest in the outcome of this tax certiorari proceeding. Yet the *737 Legislature has not seen fit to afford OMRDD the statutory right to intervene in what is essentially a dispute between two taxpayers and a local municipality over the valuation for tax purposes of a parcel of land and a single family residence. The proposed intervenor has no direct financial stake in the outcome of this litigation nor will the agency be directly impacted by any decision that the court may make.
This court, were it to succumb to the facially attractive logic of the proposed intervener’s arguments, would be converting a tax certiorari proceeding, the resolution of which often hinges upon the conflicting testimony of real estate appraisers, into a forum of public debate over policy issues related to the establishment of group homes, a result which transcends the narrow scope of a judicial proceeding to review a tax assessment under article 7 of the Real Property Tax Law. The court’s reading of OMRDD’s motion papers and petitioners’ response thereto lends credence to such an interpretation. Were intervention to be permitted in this case, the convenience store operator or the apartment building owner located down the street from a disgruntled taxpayer or indeed, the next door neighbor, would have to be afforded the same right to intervene in proceedings in which their respective land use or business would impact the taxpayer’s assessment. There is no indication in the record that the Town of Niskayuna will be unable to adequately defend its Board of Assessment Review in this proceeding.
In conclusion, the proposed intervenor has failed to demonstrate a "real, direct and substantial interest” in the outcome of this proceeding sufficient under existing case law to warrant intervention. The fact that the outcome of this tax certiorari proceeding may be significant to OMRDD and may make it either easier or more difficult to establish group homes for developmentally disabled persons in the future does not constitute a basis for the court to exercise its discretion to permit intervention.
The motion of the proposed intervenor is denied without costs.
Petitioners on November 30, 1992 served a notice for discovery and inspection demanding respondent Board produce the following:
"1. Provide the documentation, papers and information advising the undersigned, the methods used to determine the assessed values of properties in the municipality and the *738 methods used to determine the assessed value of the property subject of this proceeding.
"2. State the full value of the subject property.
"3. State in detail how the assessed valuation of the subject property was determined and calculated.”
It is clear that the discovery sought by petitioners in paragraphs 1 and 3 is not permitted in a tax certiorari proceeding as such requests seek documentation as to the formulae and mental processes employed by assessors (Matter of City of Amsterdam v Board of Assessors 91 AD2d 809). Paragraph 2 is a proper demand. Respondents shall comply with such demand within 10 days hereof.
Petitioners’ cross motion is denied in part and granted in part without costs.