■ In the Matter of James B. Pier et al., Respondents, v Board of Assessment Review of the Town of Niskayuna, Respondent, and Elin M. Howe, as Commissioner of the New York State Office of Mental Retardation and Developmental Disabilities, Proposed Intervenor-Appellant. [617 NYS2d 1004] — Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Keniry, J.), entered July 8, 1993 in Schenectady County, which, in a proceeding pursuant to RPTL article 7, denied a motion by the Commissioner of Mental Retardation and Developmental Disabilities to intervene.

At issue is whether the Commissioner of Mental Retardation and Developmental Disabilities should be permitted to intervene in a tax certiorari proceeding brought by petitioners, wherein they claim that the assessor improperly failed to take into consideration the decrease in their property's value allegedly caused by the proximity of a group home for the mentally disabled. The pertinent facts are set out in Supreme Court's decision (158 Misc 2d 732). His motion to intervene having been denied, the Commissioner appeals.

The Commissioner maintains that Supreme Court acted

injudiciously by refusing to permit him to intervene pursuant to CPLR 1013. While the only requirement for obtaining an order permitting intervention via this section is the existence of a common question of law or fact, the resolution of such a motion is nevertheless a matter of discretion (see, *Kaczmarek v Shoffstall*, 119 AD2d 1001, 1002). As a consequence, when deciding whether to grant such a request, a court may properly balance the benefit to be gained by intervention, and the extent to which the proposed intervenor may be harmed if it is refused, against other factors, such as the degree to which the proposed intervention will delay and unduly complicate the litigation (see, *Osman v Sternberg*, 168 AD2d 490). These latter considerations, which are grounded in general concepts of judicial efficiency and fairness to the original litigants, are more likely to be outweighed, and intervention therefore warranted, when the intervenor has a direct and substantial interest in the outcome of the proceeding. When that interest is less substantial or more indirect, other elements take on greater importance.

In our judgment, the Commissioner's interest in this proceeding is insubstantial. As Supreme Court aptly observed, "[w]ere intervention to be permitted in this case, the convenience store operator or the apartment building owner located down the street from a disgruntled taxpayer or indeed, the next door neighbor, would have to be afforded the same right to intervene in proceedings in which their respective land use or business would impact the taxpayer's assessment" (158 Misc 2d 732, 737, *supra*). Moreover, in view of the fact that the Commissioner was able to open a home on petitioners' street, despite "vigorous"—to use petitioners' characterization —resistance spearheaded by petitioners, the Commissioner's overarching thesis, that a decision in petitioners' favor will spawn even greater opposition and therefore make it more difficult to obtain sites for group homes, is unconvincing. It may well be that the level of neighborhood opposition to group homes will indirectly be affected to some degree by the outcome of this litigation. Nevertheless, the effect that such a change may have on the Commissioner's actual ability to establish future group homes is, at least on this record, wholly speculative, and not markedly different from the inappreciable interest asserted by the school district in *Vantage Petroleum v Board of Assessment Review* (91 AD2d 1037, *affd on mem below* 61 NY2d 695).

Given the foregoing, we incline to the view that it was not an abuse of discretion on the part of Supreme Court to deny

the Commissioner's motion. Any benefit to be gained from the intervention sought in this case would undoubtedly be more than offset by the resulting delay and obfuscation of the core issue, which is simply whether the assessment accurately reflects the value of petitioners' property.

Lastly, although petitioners did not formally oppose the motion to intervene, they adequately registered their objection, and explained the basis for it, in the body of the affidavit by petitioner James B. Pier. To disregard this, as the Commissioner urges, and declare that the motion should have been granted because it was unopposed, would be to exalt form over substance.

Crew III, J. P., Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs. *[See,* 158 Misc 2d 732.]