■ QUALITY AGGREGATES, INC., Plaintiff, and WILLIAM WEIGELT et al., Respondents, v CENTURY CONCRETE CORPORATION, Appellant. [623 NYS2d 957] —Casey, J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 14, 1994 in Columbia County, which granted a motion by various individuals to intervene as plaintiffs.

The intervenors are the former stockholders of plaintiff Quality Aggregates, Inc. (hereinafter plaintiff). Upon the sale of their stock in 1990, a portion of the proceeds of the sale was placed in an escrow account to be used for the purpose of satisfying claims made against plaintiff prior to a certain date. In this action, plaintiff seeks to recover damages for defendant's alleged breach of a lease agreement between the parties. Defendant interposed a counterclaim, which alleges that

plaintiff breached the lease. The intervenors sought leave to intervene in the action, claiming that the funds in the escrow account, in which they have an interest, will be used to satisfy any recovery defendant might obtain on its counterclaim. The intervenors also argued that plaintiff has no incentive to provide an adequate defense to the counterclaim because the claim will be paid out of the escrow account, not out of plaintiff's funds. Supreme Court granted the motion, resulting in this appeal by defendant.

CPLR 1012 (a) (2) entitles a person to intervene as of right in an action "when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment". The intervenors' claim that plaintiff might not provide an adequate defense to the counterclaim because any recovery will be paid out of the escrow fund is pure speculation. More importantly, if in fact plaintiff fails to provide an adequate defense of the counterclaim, the intervenors would not be bound by the judgment because of the lack of a full and fair opportunity to litigate the issue of the merits of defendant's claim (see, Kaczmarek v Shoffstall, 119 AD2d 1001, 1002; Siegel, NY Prac § 467, at 707, 708 [2d ed]). The intervenors, therefore, are not entitled to intervention as of right (see, Kaczmarek v Shoffstall, supra).

Intervention by permission under CPLR 1013 may be appropriate when the main action and the claim or defense of the person seeking intervention have a common question of law or fact. When the determination of the action will be needlessly delayed, and the rights of the prospective intervenors are already adequately represented, and there are substantial questions as to whether those seeking to intervene have any real present interest in the property which is the subject of the dispute, intervention should not be permitted (see, Osman v Sternberg, 168 AD2d 490; see also, Matter of Pier v Board of Assessment Review, 209 AD2d 788). The subject of the action in this case is the lease agreement, and the legal and factual issues raised in the action concern each party's claim that the other party breached the lease. None of the intervenors is a party to the lease, and neither of the parties to the action is a party to the escrow agreement in which the intervenors claim an interest. The escrow agreement is not at issue in the action, and neither party seeks to recover from the escrow account in the action.

It is undisputed that if defendant's counterclaim is actually meritorious, the escrow account can be used to satisfy the claim. The intervenors' concern is that defendant will obtain a

judgment in its favor on the counterclaim not because the counterclaim is meritorious, but because plaintiff fails to provide an adequate defense to the counterclaim. We find nothing in the record, however, to suggest that plaintiff's defense of the counterclaim will be inadequate. Moreover, the escrow agreement obviously applies only to claims that are meritorious and, as previously noted, if plaintiff's defense of the counterclaim is inadequate, the intervenors will not be bound by the judgment in the action. Accordingly, they can litigate the issue when plaintiff seeks to have its liability on the counterclaim satisfied by funds from the escrow account. The fact that the intervenors' interest in the escrow account is not directly related to the subject of the action or the breach of contract issues to be decided therein weighs against intervention *(see, Matter of Pier v Board of Assessment Review, supra),* as does the existence of an adequate remedy to protect the concern raised by the intervenors *(see, Kaczmarek v Shoffstall, supra).* The benefit to be gained by the intervention sought in this case is outweighed by the delay and confusion which would result from permitting the intervenors to duplicate the defense to the counterclaim that should be presented by plaintiff.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.