[681 NYS2d 679]

In the Matter of RENT STABILIZATION ASSOCIATION OF NEW YORK CITY et al., Appellants-Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. METROPOLITAN COUNCIL ON HOUSING et al., Proposed Intervenors-Appellants.

Third Department, December 17, 1998

APPEARANCES OF COUNSEL

*Borah, Goldstein, Altschuler & Schwartz, P. C.,* New York City (*Jeffrey R. Metz* of counsel), for appellants-respondents.

*Dennis C. Vacco, Attorney-General,* Albany (*Lisa LeCours* of counsel), for New York State Division of Housing and Community Renewal, respondent.

*Michael D. Hess, Corporation Counsel* of New York City (*Dona B. Morris* of counsel), for City of New York, respondent.

*Himmelstein, McConnell, Gribben & Donoghue,* New York City (*William J. Gribben* of counsel), for proposed intervenors-appellants.

## OPINION OF THE COURT

CARPINELLO, J.

In *Matter of Community Hous. Improvement Program v New York State Div. of Hous. & Community Renewal* (230 AD2d 66, 71), this Court ordered respondent State Division of Housing and Community Renewal (hereinafter respondent), the State agency charged with administering the rent control laws, to comply with the "plain and unqualified" language of Administrative Code of the City of New York § 26-405 (a) (3) in calculating the capital value component of the maximum base rent for rent-controlled apartments in New York City. Specifically, this Court determined that respondent must calculate the maximum base rent by computing capital value pursuant to RPTL article 12-A, as opposed to RPTL article 12 as it had been doing since 1986 (*see, id.,* at 68). Following this Court's decision, the City Council of the City of New York passed Local Laws, 1997, No. 3 of the City of New York (Local Law No. 73) which amended Administrative Code § 26-405 (a) (3) by directing that capital value shall be equalized assessed valuation based upon the appropriate tax class ratio to be established pursuant to RPTL article 12. Local Law No. 73 further directed that the change was effective for purposes of calculating the 1996-1997 maximum base rent. Simply stated, Local Law No. 73 vitiated this Court's prior holding.

In response to Local Law No. 73, respondent, which had previously issued "1996-97 Amended MBR Order[s] of Eligibility" as a result of our decision, issued "orders of suspension". These orders suspended the amended orders until further notice "[t]o avoid uncertainty, confusion and hardship among tenants and owners regarding the application of [Local Law No. 73]". Petitioners, owners of rent-controlled units in New York

City and industry trade organizations representing property owners throughout New York City who sought maximum base rent increases for the 1996-1997 cycle, commenced this combined CPLR article 78 proceeding and declaratory judgment action against respondent. Alleging that respondent "has determined that Local Law [No. 73] may not or does not violate the Urstadt Law",[1] petitioners claim that they are entitled to a declaration "that *because Local Law [No. 73] is in violation of the Urstadt Law*, any action taken by [respondent] to enforce or to give credence to [it], by reason of Suspension Orders notices, or otherwise, is invalid and of no force and effect" (emphasis supplied). They also seek a declaration that respondent is obligated to compute the maximum base rent increases as reflected in its amended orders. With respect to their requested CPLR article 78 relief, petitioners allege that respondent "failed to perform the duty enjoined upon it by law to administer and timely process the [a]mended MBR orders" and seek to vacate and annul any action taken by respondent to suspend their entitlement to the maximum base rent increases. Additionally, petitioners charge that respondent acted in excess of its jurisdiction in issuing the orders of suspension.

In its answer, respondent recognized that "this proceeding contains a challenge to Local Law 73" and requested, among other relief, that the City be joined as a necessary party. Additionally, the City moved to intervene "for the sole purpose of filing a motion to dismiss" alleging, *inter alia*, that the petition failed to state a cause of action. Alternatively, the City requested an order joining it as a necessary party, converting the proceeding to a declaratory judgment action, directing petitioners to serve a complaint, transferring venue to New York County and providing it with 20 days within which to answer. Thereafter, respondent cross-moved to consolidate this proceeding with a declaratory judgment action commenced against it by the City in New York County. In that action, *filed the same day* that the City sought to intervene in this case, the City seeks a judgment declaring that Local Law No. 73 is lawful and requests a permanent injunction compelling respondent to compute maximum base rent in accordance therewith.

---

1. The "Urstadt Law", enacted in 1971 (L 1971, ch 372, § 1, amending Local Emergency Housing Rent Control Act § 5 [L 1962, ch 21, § 1]), limits the City's power to impose stricter controls on housing accommodations then subject to rent control, assuring that such housing would not be "subjected to more stringent or restrictive provisions of regulation and control than those presently in effect" (McKinney's Uncons Laws of NY § 8605).

Inexplicably, petitioners were not named as parties in the New York County action. In its consolidation motion, respondent requested that venue be set in Albany County.

Petitioners opposed the City's motion to intervene and respondent's cross motion to consolidate. The City, in response to the cross motion, opposed only that portion requesting venue in Albany County. Finally, numerous membership groups of New York City tenants (hereinafter tenant intervenors), which include rent-controlled tenants, sought, among other relief, to intervene in this matter. Supreme Court granted the City's motion to intervene for the sole purpose of filing a motion to dismiss the proceeding, dismissed the petition finding that it failed to state a cause of action, denied respondent's request to add the City as a necessary party and the cross motion to consolidate, and denied the tenant intervenors' motion to intervene. Petitioners and the tenant intervenors appeal.

■ We start our analysis by noting that, despite petitioners' contentions to the contrary, the gravamen of the instant combined action/proceeding is an attack on the validity of Local Law No. 73. That being the case, the City is clearly a necessary party—indeed, the preeminent party—in defending its own statute (see, CPLR 1001 [a]). The necessity of the City as a party is best exemplified by respondent's observation that, caught in the middle of this procedural havoc, it *agrees* that the petition states a cause of action against it and that Local Law No. 73 may indeed violate the Urstadt Law. Given the City's voluntary participation in this matter as evidenced by its motion to intervene on the ground that it is an interested party, joinder was a proper remedy and should have been granted by Supreme Court (see, *Matter of Town of Preble v Zagata*, 250 AD2d 912, 913).

■ We next find that Supreme Court should also have granted respondent's motion to consolidate this action with the separate action commenced by the City in New York County as there is a clear identity of issues between the two controversies; namely, the validity of Local Law No. 73 (see, CPLR 602; *Government Empls. Ins. Co. v Uniroyal Goodrich Tire Co.*, 242 AD2d 765, 766). As a general rule, upon consolidation of two actions commenced in different counties, venue is placed in the county having jurisdiction over the action first commenced absent "special circumstances" (see, *id.*). We find that special circumstances do exist warranting venue to be set in New York County. While the petition challenges actions taken by respondent following the enactment of Local Law No. 73, it is clear

that petitioners are really seeking to invalidate Local Law No. 73 and that their claims against respondent rise and fall on the resolution of this threshold issue. It is equally clear that petitioners should have commenced a declaratory judgment action against the City in New York County in the first instance (*see*, CPLR 504 [3]) and included respondent as a party to that action.[2]

■ Having determined that the City should have been joined as a necessary party, we need not detain ourselves to any great extent with the somewhat related issue of whether it should have been permitted to intervene as an "interested" party (CPLR 7802 [d]). Clearly, the City is an interested party. Supreme Court erred, however, in permitting the City to intervene for the sole purpose of filing a motion to dismiss and in dismissing the petition. The CPLR does not recognize "limited" intervention; rather, "a *successful* intervenor becomes a party for all purposes" (*Matter of Greater N. Y. Health Care Facilities Assn. v DeBuono*, 91 NY2d 716, 720 [emphasis in original]).[3] Whereas the City could have moved to intervene and *simultaneously* make a preanswer motion to dismiss pursuant to CPLR 3211 and 7804 (f), it could not "limit" its intervention. Moreover, as conceded by respondent, the petition does state a valid cause of action against it.

Finally, Supreme Court also should have granted the motion to intervene by the tenant intervenors (*see*, CPLR 1013, 7802 [d]) as they have a "direct and substantial interest" in the outcome of this litigation (*Matter of Pier v Board of Assessment Review*, 209 AD2d 788, 789; *see, e.g.*, *County of Westchester v Department of Health*, 229 AD2d 460, 461; *Matter of White v Incorporated Vil. of Plandome Manor*, 190 AD2d 854, 854-855, *lv denied* 83 NY2d 752; *Matter of Stockdale v Hughes*, 189 AD2d 1065, 1067; *Matter of Tenants' Union of W. Side v Beame*, 47 AD2d 731) and petitioners have not demonstrated that their intervention would substantially prejudice them or cause delay (*see*, CPLR 1013; *Matter of Pier v Board of Assessment Review*, *supra*).

CREW III, J. P., WHITE, PETERS and GRAFFEO, JJ., concur.

---

2. Not without fault, however, is the City which moved to intervene solely for the purpose of dismissing—a practice unrecognized in the CPLR and not condoned by this Court—and simultaneously commenced its own action against respondent alone, fully aware of petitioners' claims, without naming petitioners as parties.

3. The only "limited appearance" recognized under the CPLR is in an action where the sole basis of jurisdiction is the attachment of a defendant's property (*see*, CPLR 320 [c] [1]; 3211 [a] [9]).

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the petition, denied the motion of respondent State Division of Housing and Community Renewal to join the City of New York as a necessary party and to consolidate this proceeding with another proceeding commenced by the City of New York in New York County, and denied leave to intervene by the tenant intervenors; motion for intervention and consolidation granted, and venue transferred to New York County; and, as so modified, affirmed.