OPINION OF THE COURT
George L. Cobb, J.
Petitioners have commenced a CPLR article 78 proceeding challenging a circular letter issued by the New York State Department of Insurance, seeking a judgment ordering respondents to rescind such Circular Letter No. 12 (2000), enjoining respondents from implementing or enforcing Circular Letter No. 12 or otherwise holding health maintenance organizations (hereinafter HMOs) and other health insurers responsible for other organizations’ violations of the Prompt Pay Law (Insurance Law § 3224-a), and declaring that Circular Letter No. 12 is null and void and of no force and effect.
Circular Letter No. 12 was addressed to all insurance companies and HMOs licensed to write accident and health insurance in New York State. The letter contains a general statement concerning the Prompt Pay Law indicating that such statute “requires HMOs and insurance companies to pay undisputed claims and bills within 45 days of receipt.” It thereafter states that many HMOs and insurance companies have contracted with outside entities to provide certain services including processing of claims and bill payments. The letter concludes “The purpose of this Circular Letter is to remind HMOs and insurance companies that they are ultimately responsible for compliance with the prompt pay law, despite any contractual delegation of the claims payment process. This includes not only compensation to the provider for the delay in paying the claim (interest) but also any sum to be paid to this Department as penalty for late payments.”
Healthcare Association of New York State, Inc. and Medical Society of the State of New York have moved for leave to intervene. Both proposed intervenors are associations of health care providers who have substantially benefitted by the Prompt Pay Law and are aggrieved by a lack of compliance with such statute. Both respondents and the proposed intervenors *529 indicate that if petitioners prevail, the Prompt Pay Law will be substantially eviscerated. The court finds that the proposed intervenors have shown a direct and substantial interest in the outcome of this litigation. It further finds that intervention would not give rise to any substantial prejudice or delay. Accordingly, intervention is appropriate (Matter of Rent Stabilization Assn. v New York State Div. of Hous. & Community Renewal, 252 AD2d 111, 116). Accordingly, leave to intervene is hereby granted.
Section 3224-a of the Insurance Law, known as the Prompt Pay Law, provides that, in the processing of all health care claims and bills from health care providers, any insurer or organization or corporation licensed or certified pursuant to article 43 of the Insurance Law or article 44 of the Public Health Law shall pay the bill or claim within 45 days of receipt. There are exceptions for disputed bills or claims where there are issues of fraud, coverage, or responsibility of other insurers or corporations or organizations. Petitioners contend that the Department of Insurance has exceeded its statutory authority in issuing Circular Letter No. 12 because the Prompt Pay Law is only applicable where there is an obligation of the insurer or HMO to pay a claim or bill and where the insurer or HMO has actually received the claim or bill. Petitioners contend that it is standard practice in the industry to contract with independent practice associations (hereinafter IPAs) who serve as intermediaries and thereafter contract with health care providers. The health care providers submit the bills to the IPAs who then pay the health care proyider directly. The IPAs are usually prepaid by the HMOs pursuant to various different types of contracts. Petitioners argue that they have no contractual obligation to pay the underlying bill or claim submitted to the IPA by the health care provider, and further that they have never received such a bill or claim, and therefore the 45-day period never begins to run.
Petitioners also contend that Circular Letter No. 12 is arbitrary and capricious for the above grounds and the additional grounds that the Circular Letter would require a double payment, one to the IPA and then one to the provider, which would give rise to unjustified enrichment to the IPA. Petitioners also contend that Circular Letter No. 12 violates the State Administrative Procedure Act because the required procedure for promulgation of a rule was not followed.
The court finds that Circular Letter No. 12 does not constitute a rule under the definition of the State Administrative *530 Procedure Act. State Administrative Procedure Act § 102 (2) (b) (iv) specifically excludes from the definition of a rule, “forms and instructions, interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory.” Circular Letter No. 12 on its face constitutes a reminder of a policy which according to the allegations of the petition had been followed by the Department of Insurance for at least one year prior to issuance of the Circular Letter. The Circular Letter does not add to or alter the provisions of 10 NYCRR 98-1.18 (a) which provides, “An HMO shall be responsible * * * for the agreements between the IPA and physicians and other health care providers and suppliers and for the care provided through such arrangements to the same extent as it is responsible for arrangements with all other types of health care providers.” Rather, it appears that the Circular Letter is a reminder of the existence of such regulation and a statement that it is the policy of the Department of Insurance to enforce such regulation by making HMOs ultimately responsible for the contractual performance and statutory violations of IPAs. The court therefore finds that Circular Letter No. 12 does not constitute a rule and that therefore there was no violation of the State Administrative Procedure Act.
The court notes that 10 NYCRR 98-1.18 (a) has not been challenged in the instant proceeding. Such regulation specifically authorizes holding HMOs responsible for IPAs’ violations of the Prompt Pay Law. Pursuant to such regulation, HMOs have the obligation to pay claims and health care provider bills which are not paid by IPAs. Such obligation is consistent with the entirety of article 44 of the Public Health Law and 10 NYCRR 98-1.5 (b) (6) (ii) which requires that contracts with any other type of provider shall include adequate protection for HMO enrollees against liability for costs of services included in the HMO-enrollee contract and which are rendered by the contracting provider. Thus, while the HMO may initially contract out claims, processing and payment functions, it may not relieve itself of the responsibility to ensure that all health care providers are actually paid in a timely fashion. The court therefore finds that the policy espoused by Circular Letter No. 12 is consistent with the Prompt Pay Law and required by regulation. As such, the court finds that the Department of Insurance has not exceeded its statutory authority in issuing such letter.
It also appears that Circular Letter No. 12 is neither arbitrary nor capricious. As stated above, it is specifically au *531 thorized by regulation and consistent with the statute. Petitioners’ argument that enforcement of Circular Letter No. 12 would give rise to double payments by HMOs and unjustified enrichment to IPAs is without merit as the contracts between the HMOs and IPAs can certainly adequately address such issues. Moreover, the court credits respondents’ and interveners’ argument that if respondents cannot enforce the Prompt Pay Law against HMOs and insurers for violations of IPAs, there is no other currently authorized enforcement mechanism. The Prompt Pay Law is clearly limited to payments by insurers or organizations or corporations licensed or certified pursuant to article 43 of the Insurance Law or article 44 of the Public Health Law. IPAs are not so licensed or certified. As such, there is no statutory authority for imposing sanctions directly upon IPAs for violations of the statute. In addition, 10 NYCRR 98-1.18 (b) provides that “[t]he requirements of article 44 of the Public Health Law and this Subpart shall apply to an IPA * * * to the same extent they apply to all other health care providers.” The regulation does not provide that the requirements of article 44 of the Public Health Law shall apply to an IPA to the same extent that they apply to HMOs. As such, it does not appear that there is any authority for sanctioning IPAs directly. In the absence of such authority, petitioners’ arguments would render the Prompt Pay Law substantially unenforceable, clearly a result which was not intended by the Legislature.
It is therefore determined that the petition fails to state facts upon which relief may be granted. Accordingly, the instant article 78 proceeding is hereby dismissed. To the extent that the proceeding seeks a declaratory judgment, it is hereby determined and declared that Circular Letter No. 12 does not constitute a rule and does constitute an authorized interpretive statement or statement of general policy which in itself has no legal effect.