(March 23, 2010)

■ A.F.C. ENTERPRISES, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY (MAXWELL HIGH SCHOOL), Respondent, and UNITED STATES OF AMERICA, Intervenor-Respondent. [896 NYS2d 896]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated July 19, 2007, which granted the motion of the United States of America for leave to intervene for the limited purpose of moving to stay all proceedings in this action pending the completion of federal criminal proceedings in an action entitled *United States v Catapano*, pending in the United States District Court under docket No. 05-CR-229, and granted the cross motion of the defendant New York City Construction Authority (Maxwell High School) to stay all proceedings in this action.

In an action, inter alia, to recover damages for breach of contract, the proposed intervenor American Home Assurance Company appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated January 7, 2008, which denied its motion for leave to intervene, to vacate a stay of the action pending the completion of federal criminal proceedings in an action entitled *United States v Catapano,* pending in the Unites States District Court for the Eastern District of New York under docket No. 05-CR-229, and to sever a cause of action assigned by it to the plaintiff so that it may proceed to trial.

Ordered that the order is affirmed, with costs.

Contrary to the proposed intervenor's contention, its motion for leave to intervene was untimely, and granting that motion would result in prejudice to the defendant, including the possibility of inconsistent verdicts and the burden of separately trying two related claims (*see* CPLR 1012 [a]; 1013; *Rectory Realty Assoc. v Town of Southampton*, 151 AD2d 737, 738 [1989]; *Matter of Norstar Apts. v Town of Clay*, 112 AD2d 750, 751 [1985]).

In any event, even if the motion was timely, the proposed intervenor was not entitled to intervene in this action (*see* CPLR 1012 [a] [2]). The proposed intervenor's interest is adequately represented by the plaintiff, who, pursuant to a cooperation agreement between them, is under a fiduciary duty to separately identify the proposed intervenor's claim and "vigorously and promptly" prosecute it. If there is a recovery, the plaintiff and the proposed intervenor are required to share the proceeds according to a distribution formula.

The denial of leave to intervene at this time was a provident exercise of the Supreme Court's discretion (*see* CPLR 1013; *Osman v Sternberg*, 168 AD2d 490 [1990]).

The proposed intervenor's remaining contentions are academic in light of our determination. Covello, J.P., Santucci, Chambers and Lott, JJ., concur.