■ CARLOS SEVERINO, Respondent, v BROOKSET HOUSING DEVELOPMENT FUND CORP., Respondent, et al., Defendants. SETTLEMENT HOUSING FUND, INC., et al., Third-Party Plaintiffs, v MC&O CONSTRUCTION, INC., Third-Party Defendant, and AMERICAN HOME ASSURANCE COMPANY, Third-Party Intervenor-Appellant. BROOKSET HOUSING DEVELOPMENT FUND CORP., Second Third-Party Plaintiff-Respondent, v MC&O CONSTRUCTION, INC., Second Third-Party Defendant, and AMERICAN HOME ASSURANCE COMPANY, Second Third-Party Intervenor-Appellant. [898 NYS2d 31]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered November 17, 2008, which, in an action for personal injuries by a construction worker against the construction site's owners and general contractors, and a third-party action against plaintiff's employer (the employer), denied the motion of the employer's workers' compensation and liability insurer (the insurer) to intervene in the third-party action, unanimously affirmed, without costs.

The insurer argues that its "employer's liability policy" covers only the common-law, not the contractual, indemnification claims asserted against the employer in the third-party action; that coverage under its policy is conditioned upon the existence of a "grave injury" within the meaning of the Workers' Compensation Law; that the common-law claims against the employer in the third-party action cannot be maintained unless third-party plaintiffs show that plaintiff sustained a grave injury; and that the employer's counsel, who is being paid by the insurer, "is potentially faced with an ethical conflict if asked by [the insurer] to move to have the common law claims dismissed, because in doing so counsel risks the loss of coverage afforded by the employer's liability policy," and thus "may properly refuse to move to dismiss the third-party action based upon lack of 'grave injury.' " Notably, in its verified answer, the employer asserts as its tenth affirmative defense that the third-

party action against it is barred by the Workers' Compensation Law.

The insurer's motion to intervene should be denied because the insurer does no more than posit the possibility that notwithstanding the tenth affirmative defense, the employer's counsel might not seek dismissal of the common-law indemnification claims on the ground that plaintiff did not sustain a grave injury. Such speculation is not enough to show that the insurer's rights are not being adequately represented (see generally Osman v Sternberg, 168 AD2d 490, 490 [1990]).

To the extent the posited possibility is based on the theory that counsel would no longer be paid by the insurer to represent the employer on the contractual claims once the common-law claims were dismissed, absent an additional reason, we cannot accept that counsel might unethically act in its own interests. We also note that the insurer asserted in its motion that it believed the contractual claims were covered by general liability insurance the employer obtained from another insurer. Nonetheless, the insurer provides no reason to suppose that in the event the common-law claims were dismissed, counsel would not continue to represent the employer and be paid by the other insurer (or the employer in the event there was no other insurance). To the extent the posited possibility is based on the theory that counsel might conclude that making the motion was not in the employer's interest because the employer would be harmed if the common-law claims against it were dismissed, the speculative character of that theory also is apparent from the insurer's own moving papers indicating that other coverage is available to the employer. Finally, we note that the interests of the insured cannot be compromised unless a meritorious motion to dismiss could be brought on that ground. The insurer, however, does not attempt to show that such a meritorious motion could be made. Concur—Andrias, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.