*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    518936
                                                       518935
_____

GREGORY MAVENTE,

                    Respondent,

        v

ALBANY MEDICAL CENTER HOSPITAL
    et al.,

                    Respondents.

TIMOTHY J. CARTER et al., as
    Trustees of the PLUMBERS &
    STEAMFITTERS LOCAL NO. 7
    WELFARE FUND,

                         Proposed
                         Intervenors-
                         Appellants.

(Action No. 1.)
_____          MEMORANDUM AND ORDER

GREGORY MAVENTE,

                    Respondent,

        v

ELLIS HOSPITAL et al.,

                         Respondents,
                         et al.,
                         Defendants.

TIMOTHY J. CARTER et al., as
    Trustees of the PLUMBERS &
    STEAMFITTERS LOCAL NO. 7
    WELFARE FUND,

                         Proposed
                         Intervenors-
                         Appellants.

(Action No. 2.)

_____

Calendar Date:   January 9, 2015

Before:  McCarthy, J.P., Rose, Egan Jr. and Devine, JJ.

_____

        Robert S. Catapano-Friedman, PC, Albany (Robert S.
Catapano-Friedman of counsel), for proposed intervenors-
appellants.

        Grasso Rodriguez Grasso & Burke, PLLC, Schenectady
(Christopher R. Burke of counsel), for Gregory Mavente,
respondent.

        Maynard, O'Connor, Smith & Catalinotto, LLP, Albany (Edwin
J. Tobin Jr. of counsel), for Albany Medical Center Hospital and
another, respondents.

        Thorn Gershon Tymann and Bonanni, LLP, Albany  (Paul D.
Jureller of counsel), for Ellis Hospital, respondent.

        Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Judith B.
Aumand of counsel), for David Ford and another, respondents.

_____

McCarthy, J.P.

        Appeals from two orders of the Supreme Court (Reilly Jr.,
J.), entered March 4, 2014 in Schenectady County, which denied
motions by the trustees of the Plumbers & Steamfitters Local No.
7 Welfare Fund to intervene in both actions.

        Plaintiff commenced these two medical malpractice actions.
The trustees of the Plumbers & Steamfitters Local No. 7 Welfare
Fund (hereinafter the Fund), a self-insured employee benefit plan
that allegedly paid $537,273.12 for medical treatment provided to
plaintiff that is related to these actions, moved to intervene in

both actions. According to the benefit plan documents, the Fund has first priority to any recovery that plaintiff obtains through verdict or settlement (regardless of how it is structured), and plaintiff will lose his rights to future benefits if he fails to cooperate with the Fund and comply with the plan in this regard. Plaintiff also signed a subrogation agreement wherein he acknowledged his obligation to reimburse the Fund — prior to him or anyone on his behalf receiving any money — for the full amount of benefit payments that he has received, assigned to the Fund the right to that money, and agreed that a subrogation lien attached to any recovery. Supreme Court denied the Fund's motions, prompting the Fund's appeals.

Supreme Court properly denied the portions of the Fund's motions seeking to intervene as of right. As relevant here, any person may intervene as of right "when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment" (CPLR 1012 [a] [2]). The Fund would be bound by any judgment because plaintiff has sought to recover medical costs, as well as other damages, in his complaints in these actions. Despite the Fund's argument, however, it appears that plaintiff is and will adequately represent the Fund's interests. At oral argument, the Fund acknowledged that plaintiff's counsel is competent and will act in good faith. Plaintiff has an incentive to maximize his recovery, considering that he will not receive anything personally if he obtains a settlement or verdict of $537,273.12 or less. Plaintiff is also contractually bound to protect the Fund's right to subrogation and has agreed to a lien on any recovery (see Humbach v Goldstein, 229 AD2d 64, 68-69 [1997], lv dismissed 91 NY2d 921 [1998]; compare Teichman v Community Hosp. of W. Suffolk, 87 NY2d 514, 520-521 [1996]). Supreme Court correctly found that plaintiff is adequately representing the Fund's interests, and any argument that plaintiff may not do so in the future is pure speculation (see Berry v St. Peter's Hosp. of City of Albany, 250 AD2d 63, 69 [1998], lv dismissed 92 NY2d 1045 [1999]; see also St. Joseph's Hosp. Health Ctr. v Department of Health of State of N.Y., 224 AD2d 1008, 1008-1009 [1996]).

Supreme Court did not err in denying the portions of the Fund's motions seeking permission to intervene.  A court may permit intervention, in its discretion, when the person's claim has a common question of law or fact with the main action, but "the court shall consider whether the intervention will unduly delay the determination of the action or prejudice the substantial rights of any party" (CPLR 1013).  Although the Fund's asserted claim has common questions of law and fact with plaintiff's claims, intervention was properly denied. Intervention would cause some delay because it would lead to duplicative discovery and motion practice, as the Fund and plaintiff could each separately seek demands and relief from the multiple defendants (see Quality Aggregates v Century Concrete Corp., 213 AD2d 919, 921 [1995]).  This could also cause some prejudice to defendants, who would be required to respond to similar repetitive demands and motions, as well as the possibility of the Fund calling additional witnesses or even experts at trial.  The Court of Appeals has even acknowledged that allowing a provider of medical benefit payments to intervene could create tension between the injured party and his or her insurer,[1] and "inevitably complicates settlement negotiations" (Fasso v Doerr, 12 NY3d 80, 90 [2009]; see Humbach v Goldstein, 229 AD2d at 68).  Hence, Supreme Court did not err or abuse its discretion in denying the Fund's motions to intervene (see Berry v St. Peter's Hosp. of City of Albany, 250 AD2d at 68-69; Matter of Pier v Board of Assessment Review of Town of Niskayuna, 209 AD2d 788, 789 [1994]).

Rose, Egan Jr. and Devine, JJ., concur.

---

[1]  Although the Fund is not an insurance company, the Court of Appeals' reasoning on this issue is equally applicable to an employee benefit plan.

ORDERED that the orders are affirmed, with one bill of costs.

ENTER:

Robert D. Mayberger
Clerk of the Court