New York State Div. of Human Rights v Dawn Homes Mgt. LLC (2026 NY Slip Op 00093)

New York State Div. of Human Rights v Dawn Homes Mgt. LLC

2026 NY Slip Op 00093

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P., Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Index No. 813522/24|Appeal No. 5563|Case No. 2025-02936|

[*1]New York State Division of Human Rights, etc., Plaintiff,
vDawn Homes Management LLC, Defendant-Respondent. Westchester Residential Opportunities, Inc., Nonparty-Appellant.

Emery Celli Brinckerhoff Abady Ward & Maazel, LLP, New York (Sara Luz Estela and Diane L. Houk of counsel), for appellant.
Hacker Murphy LLP, Troy (Benjamin F. Neidl of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered April 11, 2025, which denied the motion for leave to intervene by nonparty Westchester Residential Opportunities, Inc., unanimously affirmed, without costs.
Westchester Residential Opportunities (WRO) seeks to intervene, either as of right pursuant to CPLR 1012 or by permission pursuant to CPLR 1013, in a lawsuit commenced by the State Division of Human Rights (Division) on its complaint against defendant Dawn Homes Management LLC, a rental management company. Prior to the commencement of this action, WRO filed a housing discrimination complaint with the Division based on lawful source of income, alleging that Dawn Homes discriminated against prospective renters receiving a rental subsidy. Upon the Division's finding of probable cause, Dawn Homes elected to have the action commenced in a civil court in lieu of administrative action before the Division pursuant to Executive Law § 297(9).
Having initially sought administrative remedies with the Division, WRO now argues that the New York State Human Rights Law (NYSHRL) entitles it to intervene in this action as of right. We disagree. Pursuant to Executive Law § 297, an aggrieved person may either lodge a complaint with the Division (see Executive Law § 297[1],[4]) or commence a civil action (see Executive Law § 297[9]). The statutory scheme does not explicitly grant the aggrieved party a right to intervene where a respondent to an administrative complaint duly elects to proceed in court instead of before the Division. Rather, the statute guarantees that the Division will appoint a Division attorney to litigate the party's complaint in court or consent to the complainant's attorney prosecuting the case (see Executive Law § 297[9]). Here, since WRO chose to pursue its complaint against Dawn Homes with the Division, and apparently declined to substitute in its own attorney, it is not now entitled to intervene as of right.
Nor did the motion court improvidently exercise its discretion in denying WRO's motion to intervene pursuant to CPLR 1013. While intervention "is liberally allowed by courts" and "[d]istinctions between intervention as of right and discretionary intervention are no longer sharply applied" (Yuppie Puppy Pet Prods., Inc. v Street Smart Realty, LLC, 77 AD3d 197, 201 [1st Dept 2010]), the statutory scheme explicitly created two different paths for the aggrieved party to seek a remedy. The Division, acting on WRO's complaint, represents the same causes of action based on the same facts and law as raised by WRO. Allowing WRO to intervene on the very same claims contained in the complaint, would be duplicative, unnecessarily complicate the litigation process, and potentially expose Dawn Homes to inflated damages (see Mavente v Albany Med. Ctr. Hosp., 126 AD3d 1090, 1091 [3d Dept 2015], lv dismissed 25 NY3d 1085 [2015]).
To the extent WRO expresses concern that the Division might not seek protective orders regarding WRO's records or preserve the confidentiality of its testers, we note that the court denied WRO's motion to intervene without prejudice to renewal. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026