■ In the Matter of ADRIENNE WHITE, Appellant, v INCORPORATED VILLAGE OF PLANDOME MANOR et al., Respondents, and ROLLY HAWKINS et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination issuing a certificate of occupancy to the intervenors, dated September 11, 1989, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Colby, J.), dated September 4, 1990, which granted the motion of the intervenors for leave to intervene, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the Supreme Court did not err in granting the application to intervene. Intervention in proceedings pursuant to CPLR article 78 is permitted for "interested persons" (CPLR 7802 [d]) and is a matter addressed to the sound discretion of the court *(see, Matter of Clinton v Summers,* 144 AD2d 145; *Matter of Elinor Homes Co. v St. Lawrence,* 113 AD2d 25). The intervenors in this case are the persons who own the premises upon which the subject construction was performed, who obtained the challenged certificate of occupancy for the completed construction, and who will be directly affected by the outcome of this proceed-

ing. Hence, they clearly are "interested persons" within the meaning of the statute, and the Supreme Court did not improvidently exercise its discretion in permitting them to intervene in the proceeding *(see, e.g., Matter of Elinor Homes Co. v St. Lawrence, supra)*. In this regard, the petitioner's claim that the intervention would result in confusion and delay is wholly unsubstantiated by the record and is patently unpersuasive.

Additionally, we agree with the Supreme Court's dismissal of this proceeding pursuant to the doctrine of exhaustion of administrative remedies *(see generally, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Steinberg v Sea Gate Assn.,* 118 AD2d 558), inasmuch as the challenged determination was subject to review by the Village Board of Appeals *(see,* Village Law § 7-712 [2]; *Matter of Rattner v Planning Commn.,* 156 AD2d 521; *Engert v Phillips,* 150 AD2d 752; *Matter of Turner v Town of Grand Is. Bldg. Dept.,* 97 AD2d 980). Accordingly, the petitioner's failure to seek the appropriate administrative remedy bars the instant proceeding pursuant to CPLR article 78 *(see generally, Matter of Corcella v Seifert,* 181 AD2d 677).

We have considered the petitioner's remaining contentions and find them to be factually and legally unpersuasive. Bracken, J. P., Miller, Copertino and Pizzuto, JJ., concur.