■ In the Matter of ROCHESTER TELEPHONE MOBILE COMMUNICATIONS, Respondent, v THOMAS COLE et al., Constituting the Planning Board of Town of Ogden, Respondents, and OGDEN CITIZENS FOR RESPONSIBLE LAND USE, LTD., Proposed Intervenor-Appellant. [637 NYS2d 878] —Judgment unanimously reversed on the law without costs, motion granted and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking a judgment annulling the determination of respondent Planning Board of the Town of Ogden (Planning Board), which had denied petitioner's application for a permit to construct a cellular communications tower (tower) in the Town of Ogden. Ogden Citizens for Responsible Land Use, Ltd. (OCRLU) moved for permission to intervene. Supreme Court denied the motion of OCRLU, granted the petition and directed respondents to issue the permit for the tower subject to certain conditions not relevant on this appeal.

OCRLU contends that the court abused its discretion in denying the motion to intervene. We agree. OCRLU is comprised of persons who reside in the Town of Ogden near the proposed tower and have alleged a valid interest in this proceeding. Moreover, petitioner has not shown that intervention by OCRLU will either unduly delay the proceedings or otherwise prejudice its rights (see, Matter of White v Incorporated Vil. of Plandome Manor, 190 AD2d 854, 855, lv denied 83 NY2d 752). Furthermore, we reject the argument of petitioner that intervention should be denied on either laches or mootness grounds.

OCRLU further contends that the court erred in granting the petition to annul the Planning Board's determination denying final approval for the permit and in directing the Planning Board to issue the permit. We agree. The record does not support the conclusion that the Planning Board complied with the requirements of either the State Environmental Quality Review Act (SEQRA) in determining that the tower will not have a significant effect on the environment (negative declaration) or General Municipal Law former § 239-m. The record does not contain either parts 2 and 3 of the full environmental assessment form (FEAF) or the discussion of the Planning

Board at its April 28, 1994 meeting that allegedly formed the basis for its negative declaration. Because the record does not establish that those documents were before the nisi prius court and because our review is limited to the record made at nisi prius *(see, Broida v Bancroft,* 103 AD2d 88, 93), that court's conclusion that the Planning Board made a "reasoned elaboration" as required by 6 NYCRR 617.6 (g) (2) (iv) is not supported by the record. Additionally, we conclude that the record is also inadequate to support the conclusion that the failure of the Planning Board to submit the completed FEAF to the Monroe County Planning Board did not constitute a failure to comply with the requirements of General Municipal Law former § 239-m. The completed FEAF is not a part of the record.

In the interest of judicial economy, we add that we reject the remaining arguments of OCRLU that the court otherwise erred in annulling the determination of the Planning Board.

Therefore, we remit the matter to Supreme Court to direct the Planning Board to comply with the requirements of SEQRA and thereafter to resubmit the application, including the completed full environmental assessment form, to the County Planning Board *(see, Matter of Prospect St. Homeowners Assn. v Fandrich,* 140 AD2d 992, 993). (Appeal from Judgment of Supreme Court, Monroe County, Kehoe, J.—CPLR art 78.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.