■ In the Matter of PATTERSON MATERIALS CORPORATION, Formerly Known as PECKHAM MATERIALS, Petitioner-Respondent, v MICHAEL D. ZAGATA et al., Respondents-Respondents. TOWN OF PAWLING et al., Nonparty Appellants. [655 NYS2d 72] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia*, to review so much of a determination of the New York State Department of Environmental Conservation as denied the petitioner's application for a mining permit for its property in the Town of Pawling, Dutchess County, and an action for a judgment declaring, *inter alia*, that the petitioner is entitled to a mining permit for that property, the proposed intervenors separately appeal from (1) an order of the

Supreme Court, Dutchess County (Beisner, J.), entered July 11, 1995, which denied their respective motions to intervene, and (2) an order of the same court entered May 29, 1996, which denied their respective renewed motions for the same relief.

Ordered that on the Court's own motion the notices of appeal from the orders entered July 11, 1995, and May 29, 1996, and deemed applications for leave to appeal from those orders, and the applications are granted; and it is further,

Ordered that the orders are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The underlying issue raised in this matter is whether the New York State Department of Environmental Conservation (hereinafter the DEC) previously granted the petitioner a mining permit that encompassed all or part of its 370-acre parcel in the Town of Pawling, Dutchess County (*see, Matter of Patterson v Zagata*, 237 AD2d 366 [decided herewith]). The appellants, the Town of Pawling, two local civic associations, and a local resident moved for leave to intervene. Given the fact that the issue in this matter is limited to a determination of what prior action was taken by the DEC with respect to the Dutchess County parcel, the Supreme Court properly denied intervention (*see, Matter of White v Incorporated Vil. of Plandome Manor*, 190 AD2d 854). As the intervenors seek to raise various environmental questions which are not relevant to the resolution of the issue herein, intervention would delay the proceedings and prejudice the petitioner (*see, Matter of White v Incorporated Vil. of Plandome Manor, supra*, at 855; *Matter of Rochester Tel. Mobile Communications v Cole*, 224 AD2d 918; *see also, Matter of Elinor Homes Co. v St. Lawrence*, 113 AD2d 25, 28; *cf., Patterson Materials Corp. v Town of Pawling*, 221 AD2d 609).

In view of the limited issue raised in this matter, we do not address the impact, if any, of ECL 23-2711 (3) (as amended by L 1991, ch 166). Bracken, J. P., Copertino, Altman and Krausman, JJ., concur.