(July 14, 2015)

■ In the Matter of RICHARD KUSYK et al., Respondents, v NEW YORK CITY DEPARTMENT OF BUILDINGS et al., Respondents, and GREEN 333 CORP., Appellant. [13 NYS3d 431]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered August 7, 2012, which granted the city respondents' cross motion to dismiss as against them the petition for a declaration that the certificate of occupancy was unlawfully issued and for revocation thereof, denied as moot respondent Green 333 Corp.'s motion to dismiss the petition, dismissed the proceeding, and directed respondent New York City Department of Buildings (DOB) to amend the certificate of occupancy forthwith, unanimously affirmed, without costs. Order, same court and Justice, entered December 9, 2013, which, insofar as appealed from as limited by the briefs, denied Green's motion to reargue and for leave to file an answer, unanimously affirmed, insofar as it denied the motion for leave to file an answer, and appeal therefrom otherwise dismissed, without costs, as taken from a nonappealable paper.

The court properly directed DOB to amend the certificate of occupancy for the subject apartment, which is owned by Green and in which petitioners are tenants. It is undisputed that the only residential use permitted in the zoning district in which the apartment is situated is joint living/working quarters for artists; yet, the certificate of occupancy erroneously indicates a use group requiring purely residential use. Contrary to Green's argument that this matter requires the expertise of the New York City Board of Standards and Appeals, the city respondents properly sought the court's permission to amend the certificate of occupancy, pursuant to New York City Charter § 645 (b) (3) (e), which permits a court of competent jurisdiction to order such an amendment upon written application by DOB.

The court properly denied Green's motion, filed after the proceeding was dismissed, for leave to file an answer. A court need not permit a respondent to file an answer "if the 'facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer'" (*Matter of Kickertz v New York Univ.*, 25 NY3d 942, 944 [2015] [emphasis omitted], quoting *Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 102 [1984]). In contrast to *Kickertz* and *Nassau BOCES*, here the submitted papers fail to disclose any possibility of a triable issue of fact.

We have considered Green's other contentions and find them unavailing. Concur—Gonzalez, P.J., Saxe, DeGrasse, Richter and Clark, JJ.