■ E. DEANE LEONARD et al., Respondents, v PLANNING BOARD OF TOWN OF UNION VALE, Respondent. 3HF, LLC, Proposed Intervenor-Appellant. [25 NYS3d 319]—

In a hybrid action for a judgment, in effect, declaring that a negative declaration issued pursuant to the State Environmental Quality Review Act (ECL art 8) remains in full force and effect unless amended or rescinded pursuant to 6 NYCRR 617.7 (e) or (f), and to recover damages pursuant to 42 USC § 1983, and proceeding pursuant to CPLR article 78 to review determi-

nations of the defendant/respondent dated March 21, 2012, and April 18, 2012, inter alia, rejecting, as incomplete, an application of the plaintiffs/petitioners for preliminary plat approval, proposed intervenor 3HF, LLC, appeals from an order of the Supreme Court, Dutchess County (DiBella, J.), dated February 5, 2013, which denied its motion for leave to intervene as a defendant/respondent in this action/proceeding.

Ordered that the notice of appeal from so much of the order as, in effect, denied that branch of the motion of nonparty 3HF, LLC, which was for leave to intervene in the portion of the action/proceeding which sought relief pursuant to CPLR article 78, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs to the plaintiffs/petitioners payable by nonparty 3HF, LLC.

In 1987, in connection with a proposal to subdivide a 950-acre parcel of real property then owned by the plaintiffs/petitioners E. Deane Leonard and Steven Habiague in the Town of Union Vale, the defendant/respondent Planning Board of the Town of Union Vale (hereinafter the Planning Board) issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8). Thereafter, Leonard and Habiague sought and received approval from the Planning Board to subdivide a portion of the property, which was developed. In 2012, Habiague, Leonard, and the plaintiff/petitioner Robert O. Dryfoos, to whom a portion of the property had been sold, applied for preliminary plat approval to subdivide the remainder of the parcel. The application relied upon the 1987 negative declaration. The Planning Board, in a resolution adopted on April 18, 2012, determined, inter alia, that the 1987 negative declaration was inapplicable to the subject application and, thus, that the application was incomplete.

The plaintiffs/petitioners commenced this hybrid action/proceeding pursuant to CPLR article 78, seeking, inter alia, review of the determination dated April 18, 2012, and for a judgment, in effect, declaring that the negative declaration remains in full force and effect unless amended or rescinded pursuant to 6 NYCRR 617.7 (e) or (f). Nonparty 3HF, LLC (hereinafter 3HF), which owns land adjacent to the plaintiffs/petitioners' parcel, moved for leave to intervene as a defendant/respondent. The Supreme Court denied the motion, and 3HF appeals.

Under CPLR 1013, the court has discretion to permit any

person to intervene in an action "when the person's claim or defense and the main action have a common question of law or fact." In a proceeding pursuant to CPLR article 78, the court "may allow other interested persons to intervene" (CPLR 7802 [d]; *see Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono*, 91 NY2d 716, 720 [1998]). Intervention in an action or a proceeding pursuant to CPLR article 78 is a matter addressed to the sound discretion of the Supreme Court (*see* CPLR 1013; *Matter of White v Incorporated Vil. of Plandome Manor*, 190 AD2d 854 [1993]).

The issue before the Supreme Court in this action/proceeding, as related to disposition of the plaintiffs/petitioners' preliminary plat application, was limited to whether the 1987 negative declaration remained in effect, subject only to amendment or rescission under 6 NYCRR 617.7 (e) and (f). As is apparent from 3HF's submissions on its motion to intervene, which relate to significant adverse impacts allegedly stemming from the proposed subdivision, 3HF seeks to raise various environmental questions which are not relevant to the resolution of the issue herein (*see Matter of Patterson Materials Corp. v Zagata*, 237 AD2d 365, 366 [1997]). Thus, intervention would delay the proceedings and prejudice the plaintiffs/petitioners (*see id.*). The court, therefore, did not improvidently exercise its discretion in denying 3HF's motion for leave to intervene (*see id.*).

In light of our determination, we need not reach the parties' remaining contentions. Balkin, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.