Matter of Local 621 v New York City Dept. of Transp. (2019 NY Slip Op 08014)





Matter of Local 621 v New York City Dept. of Transp.


2019 NY Slip Op 08014


Decided on November 7, 2019


Appellate Division, First Department


Renwick, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, P.J.
Dianne T. Renwick
Sallie Manzanet-Daniels
Anil C. Singh,JJ.


101831/17 

[*1]In re Local 621, et al., Petitioners-Respondents-Appellants,
v
The New York City Department of Transportation, et al., Respondents-Appellants-Respondents.



Cross appeals from the order and judgment (one paper) of the Supreme Court, New York County (Carol Edmead, J.), entered July 16, 2018, to the extent appealed from, dismissing the third (Bharat retaliation), fourth and fifth (Bharat and Kubair discrimination) causes of action in this article 78 proceeding/plenary action and declaring that respondent New York City Department of Transportation (DOT) entered certain determinations into the employment files of petitioners Bharat and Kubair and Cohen's decedent in violation of their due process rights, and from the order of the same court and Justice, entered November 13, 2018, which granted petitioners' motion to renew respondents' motion to dismiss, and, upon renewal, adhered to the original determination.




Zachary W. Carter, Corporation Counsel, New York (Kevin Osowski, Fay Ng and Jason Anton of counsel), for appellants-respondents.
Gordon, Gordon & Schnapp, P.C., New York (Kenneth E. Gordon of counsel), for respondents-appellants.



RENWICK, J.


The individual petitioners, who worked as Supervisors of Mechanics (Mechanical Equipment) (SMME) in respondent New York City Department of Transportation's (DOT) Fleet Service Division, commenced this article 78 proceeding/plenary action after DOT's Office of Equal Employment Opportunity (EEO) determined that petitioners Bharat and Kubair and petitioner Cohen's decedent, Andrew Cohen (collectively, petitioners), had engaged in discriminatory and retaliatory conduct toward a fellow employee with disability. Prior to this action, in 2017, Bharat had filed a federal action against DOT for discriminatory denial of a promotion. He, along with several other minority DOT employees at the DOT's Fleet Services Division received promotions pursuant to a consent decree in the federal action.
The petition alleges that respondents deprived petitioners of their due process rights by placing the DOT determinations in their EEO employment files without affording them a hearing. The petition alleges further in the fifth cause of action that by issuing the determinations DOT discriminated against Bharat and Kubair (who are of East Indian descent) under the New York City and York State Human Rights Laws on the basis of their national origin, and, it also alleges that DOT discriminated against Bharat by failing to upgrade him to SMME II status.
The petition further alleges in the third cause of action that DOT engaged in retaliatory conduct against Bharat in violation of the New York City and New York State Human Rights laws by issuing the determination dated October 4, 2017, and by refusing to upgrade him to the next level of seniority within his employment.
Petitioners were correctly awarded judgment on their due process claims. Civil Service Law § 75(1) provides that tenured civil service employees (such as petitioners) "shall not be . . . subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges." It is undisputed that no hearing was held before the determinations were placed into petitioners' DOT employment files. The failure to hold a hearing on the charges against these individuals violated their due process rights (Matter of D'Angelo v Scoppetta, 19 NY3d 663, 667 [2012]). In light of the undisputed fact that no hearing was held, respondents need not be afforded a chance to submit an answer pursuant to CPLR 7804(f) (Matter of Kusyk v New York City Dept. of Bldgs., 130 AD3d 509, 510 [1st Dept 2015]).
However, the discrimination claims of Bharat and Kubair were improperly dismissed. A plaintiff states a "claim of invidious discrimination under the State and City [Human Rights Laws] by alleging (1) that he/she is a member of a protected class, (2) that he/she was qualified for the position [held or for a promotion], (3) that he/she was subjected to an adverse employment action (under State HRL) or that he/she was treated differently from or worse than other employees (under City HRL), and (4) that the adverse or different treatment occurred under circumstances giving rise to an inference of discrimination" (Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]; see also Executive Law § 296; Administrative Code of City of N.Y., § 8—107).
It is undisputed that petitioners sufficiently stated the first two elements of an employment discrimination claim on behalf of Bharat and Kubair under both the State and City HRLs — namely, that they are both members of a protected class and were well qualified for their respective positions (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]). Petitioners also sufficiently stated the third element — that they were adversely (State HRL) or differently treated (City HRL) (id.). In particular, petitioners allege that DOT's failure to upgrade Bharat to SMME II status (a position with greater salary and pension benefits) was discriminatory conduct as a less qualified white employee received the upgrade.
With regard to both petitioners Bharat and Kubair, the petition alleges that DOT discriminated against them by conducting a biased investigation of a baseless EEO complaint filed against them by a white disabled employee. The EEO complaint resulted in DOT placing [*2]an EEO letter, substantiating the EEO complaint in petitioners' employment files, as a form of reprimand.
We find that the fact that a white employee (Cohen) was also issued an EEO letter of reprimand based on the same allegedly baseless EEO complaint does not negate the fourth element of discrimination so as to render the claim insufficient. In fact, in arguing that no inference of discriminatory motive can be drawn when white and nonwhite employees receive similar treatment, DOT wishes us to ignore the context in which the alleged discriminatory conduct took place with regard to the EEO letters placed in petitioners' employment files. In essence, petitioners allege that respondent's biased investigation of the EEO complaint was part of a pattern and practice of discrimination by DOT on the basis of race. This alleged pattern and practice of discrimination is supported by DOT's history of discrimination as suggested by the federal action initiated by Bharat, which culminated in a consent decree promoting minority employees who had been discriminated on the basis of race. This alleged pattern and practice of discrimination is also supported by the conduct of DOT during the investigation of the EEO complaint against petitioners that, as fully explained before, disregarded their due process rights.
In addition, we cannot ignore Bharat's statements against the disabled employee who filed the EEO complaint against petitioners. Bharat states that the disabled employee was furious at Cohen, who as a supervisor had given a favorable assignment to an employee of East Indian descent. Petitioners also allege that, after the federal action's consent decree was executed, there was an atmosphere among white employees at DOT, including the disabled employee, that minority employees were receiving treatment they did not deserve. Under the circumstances and according petitioners the benefit of every possible inference, it is fair to infer that the disabled employee's animus toward Cohen was a byproduct of the disabled employee's animus toward Bharat and Kubair. Bearing in mind the liberal pleading standards governing this stage of the action (see Brathwaite v Frankel, 98 AD3d 444, 445 [1st Dept 2012]); Wiese v New York Univ., 304 AD2d 459, 460 [1st Dept 2003]), the foregoing sufficiently alleges discriminatory animus by DOT with regard to its investigation of the baseless EEO complaint that resulted in the EEO letter of reprimand.
We also find that the claim of retaliation against petitioner Bharat was improperly dismissed. "To make out a prima facie claim of retaliation under the State HRL, a plaintiff must show that (1) he/she has engaged in a protected activity, (2) his/her employer was aware of such activity, (3) he/she suffered an adverse employment action based upon the activity, and (4) a causal connection exists between the protected activity and the adverse action. Under the City HRL, the test is similar, through rather than an adverse action, the plaintiff must show only that the defendant took an action that disadvantaged him or her" (Harrington, 157 AD3d at 585 [internal quotation marks and citations omitted]). Contrary to respondents' contention, the fact that Bharat's filing of an EEO complaint against the DOT was not temporally proximate to the issuance of the October 4, 2017 determination against him or the refusal to upgrade his employment "is not necessarily fatal to a retaliation claim . . . [and] will not defeat the claim, where, as here, there are other facts supporting causation" (id. at 586).
Bharat's allegations are sufficient, at the pleading stage, to permit the inference that the reason he was not awarded an upgrade and the determination was issued against him was because of his involvement in the prior federal action against the DOT, which resulted in the issuance of a consent decree that subjected the DOT to significant damages (Harrington, 157 AD3d at 586; see also Jin Sun Kim v Jennifer Goldberg, Weprin, Finkel, Goldstein LLP, 120 AD3d 18, 21, 25 [1st Dept 2014]). The petition provides additional support for an inference of retaliation in the fact that an employee with less experience was upgraded over Bharat shortly after the consent decree was issued. In light of the foregoing, Bharat and Kubair may pursue the issue of back-pay and seek compensatory damages and attorney's fees on their discrimination and retaliation claims [*3](Administrative Code §§ 8-502[g]; 8-120[a][8]; Executive Law § 297[4][c][iii]; see also Matter of Jacobs v New York State Div. of Human Rights, 131 AD3d 883, 884 [1st Dept 2015]).
Finally, we find that the petition was properly dismissed as against the individual respondents.
We have considered the remaining arguments and find them unavailing.
Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Carol Edmead, J.), entered July 16, 2018, to the extent appealed from, dismissing the third (Bharat retaliation), fourth, and fifth (Bharat and Kubair discrimination) causes of action in this article 78 proceeding/plenary action, and declaring that DOT entered certain determinations into the employment files of petitioners in violation of their due process rights, and the order of the same court and Justice, entered November 13, 2018, which granted petitioners' motion to renew respondents' motion to dismiss, and, upon renewal, adhered to the original determination, should be modified, on the law, to deny respondents' motion to dismiss as to the third (Bharat retaliation claim) and fifth (Bharat and Kubair discrimination) causes of action, and vacate the dismissal of those claims, and otherwise affirmed, without costs.
All concur.
Order and judgment (one paper), Supreme Court, New York County (Carol Edmead, J.), entered July 16, 2018, and order, same court and Justice, entered November 13, 2018, modified, on the law, to deny respondents' motion to dismiss as to the third (Bharat retaliation claim) and fifth (Bharat and Kubair discrimination) causes of action, and vacate the dismissal of those claims, and otherwise affirmed, without costs.
Opinion by Renwick, J. All concur.
Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 7, 2019
CLERK