| |
|---|
| **Matter of Nemni v Poole** |
| 2024 NY Slip Op 33917(U) |
| November 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158126/2020 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: <u>HON. KATHLEEN WATERMAN-MARSHALL</u> | PART **09M** |
| *Justice* | |

-------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF CHANA NEMNI, MUSIA PARNAS, SHMUEL HOROWITZ, CHAYA BELINOW, ABRAHAM RAINIZ, LEVI SOLIK, YISROEL TEVEL, SHTERNA TENENBAUM, YISROEL ZALMANOV, C. P., C. B., L. D.

Petitioners,

- v -

SHEILA J. POOLE, MICHAEL P. HEIN, STEVEN BANKS, DAVI HANSELL, DANIEL W. TIETZ, GARY P. JENKINS, JESS DANNHELL,

Respondents.

| | |
|---|---|
| INDEX NO. | 158126/2020 |
| MOTION DATE | 02/20/2024, 02/20/2024 |
| MOTION SEQ. NO. | 005 006 |

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 267, 268, 269, 280, 281, 283, 284

were read on this motion to/for _____ REARGUMENT/RECONSIDERATION _____.

The following e-filed documents, listed by NYSCEF document number (Motion 006) 270, 271, 272, 273, 278, 279, 282, 285

were read on this motion to/for _____ REARGUMENT/RECONSIDERATION _____.

### <u>Leave to Reargue is Granted, and Upon Reargument, the Prior Order is Vacated</u>

Respondents seek to reargue the Court's January 18, 2024 Decision and Order, contending that the Court failed to address their motion to dismiss, overlooked pertinent facts, and misapplied the relevant law. Petitioners oppose, contending that the Court's order was proper and not affected by error in law or fact.

The purpose of reargument is to provide "a party an opportunity to establish that the court overlooked or misapprehended relevant facts or misapplied principles of law" (*Foley v Roche*, 68 AD2d 558, 567 [1st Dept 1979]; see CPLR 2221[d][2]). "Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided" (*id.*). Nor is reargument a proper forum to present arguments different from those originally asserted (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22 [1st Dept 1992] *lv. dismissed in part and denied in part* 80 NY2d 1005 [1992]).

In consolidating these matters, the Court overlooked that while Respondents had filed an initial answer, the answer did not address certain of the consolidated Petitioners' amended or new claims. Given the intervention of Petitioners, the assertion of new claims, and consolidation,

**158126/2020   NEMNI, CHANA vs. POOLE, SHEILA J.**
**Motion No.  005 006**

**Page 1 of 4**

1 of 4

[* 1]

a consolidated petition must be served and Respondents must be permitted to answer the consolidated petition (CPLR 7804[f]; *Matter of Kickertz v New York Univ.*, 25 NY3d3 942 [2015]). This is not a circumstance in which the papers make clear there is no factual dispute and an answer is unnecessary (*Matter of Kusyk v New York City Dept. of Bldgs.*, 130 AD3d 509 [1st Dept 2015]).

Accordingly, leave to reargue is granted, the Court's January 18, 2024 Decision and Order is vacated, and upon reargument, the Court issues the following decision and order on motion sequences 003 and 004.

### The Prior Motions to Consolidate and Intervene are Granted and Cross-Motions to Dismiss are Denied

A review of the record reveals a complicated yearslong procedural history in this Article 78 matter, and a detailed decision by the prior jurist. As motion sequences 003 and 004 seek myriad relief, including cross-motions to dismiss, the Court first addresses relief affecting the caption and pleadings in this matter.

### Consolidation

On October 18, 2023, this Court held a conference during which it advised counsel that this proceeding, and the proceeding entitled *Matter of C.P. v Poole* (NY Index No. 152447/2022) ("*Matter of C.P.*") may be sufficiently related to warrant consolidation, and directed all parties show cause why the two proceedings should not be consolidated or joined (NY Index No. 158126/2020 NYSCEF Doc. No. 241).

Consolidation rests within the discretion of the Court and is appropriate where two actions involve "a common question of law or fact" (CPLR § 602[a]); the burden is on a party resisting consolidation to show that consolidation would be prejudicial (Matter of *Vigo S. S. Corp (Marship Corp. of Monrovia)*, 26 NY2d 157 [1970]). Courts are inclined to award consolidation where it promotes efficiency and judicial economy (*Amcan Holdings, Inc. v Torys LLP*, 32 AD3d 337 [1st Dept 2006]).

*Matter of Nemni* and *Matter of C.P.* involve common questions of law and fact, namely challenges to City and State Respondents' administrative agencies' termination of Petitioners' childcare benefits. As discussed more fully below, Petitioners in both actions receive childcare benefits via public benefit programs and, in both action, Petitioners challenge the termination of their benefits under nearly identical circumstances. State Respondents and Petitioners consent to consolidation (NYSCEF Doc. No. 247 and 253). City Respondents, having not addressed consolidation, do not oppose. Accordingly, no party has resisted consolidation.

Consequently, *Matter of Nemni* and *Matter of C.P.* are consolidated under NY Index No. 158126/2020. However, as individual Respondents who have been sued in their professional capacity as directors/commissioners of Respondent agencies may have been replaced during the pendency of this matter, counsel are directed to confer and provide a proposed caption accurately reflecting Respondents' identities.

158126/2020   NEMNI, CHANA vs. POOLE, SHEILA J.
Motion No.  005 006

Page 2 of 4

[* 2]

### Intervene

Former Petitioners Chana Nemni and Musia Parnas seek to intervene as Petitioners. Former Petitioner Nemni's claims were dismissed as moot upon Respondents reinstituting her childcare benefits, and the prior jurist found that no exception to the mootness doctrine applied to prevent dismissal of Nemni's claims. After dismissal of Nemni's claims, she contends her childcare benefits were again canceled by Respondents, and seeks to be reinstated in this action. Similarly, Parnas claims Respondents failed to continue her childcare benefits, and she likewise seeks to intervene.

An interested person may intervene in an Article 78 matter (CPLR 7802 [d]), subject to the Court's discretion (*Matter of White v Incorporated Vil. of Plandome Manor*, 190 AD2d 854 [2d Dept 1993]). Intervention is readily granted where it promotes fairness, efficiency, and avoids multiple litigation and inconsistent judgments (CPLR 1012 et. seq. and 7802[d]).

Nemni and Parnas are interested persons in this litigation as they both assert the same claims as other Petitioners – namely the cessation of their childcare benefits by Respondents. There is no prejudice to Respondents by allowing the intervention. Accordingly, the motion to intervene is granted, Nemni and Parnas shall be Petitioners in this consolidated action, and the caption shall be amended accordingly.

However, in permitting the intervention, new claims have been asserted against Respondents, and Respondents must be provided with an opportunity to respond to these claims. Given that consolidation was also granted, the Court directs Petitioners to serve a consolidated petition asserting all Petitioners' claims. Respondents will then be afforded an opportunity to answer/move to dismiss the consolidated petition.

### Anonymous Caption

That portion of motion sequence 001 in *Matter of C.P.* seeking to proceed under an anonymous caption is unopposed and, therefore, is granted.

### Dismissal

In light the forthcoming consolidated petition, Respondents' cross-motions to dismiss the prior pleading are academic. Upon receipt of the consolidated petition, Respondents will be permitted to answer the petition and move to dismiss the consolidated petition.

### Conclusion

As a consequence of granting interpleader and consolidation, certain Petitioners have, in essence, asserted new claims against Respondents and Respondents have not had the opportunity to answer these claims. Respondents must have an opportunity to answer these new claims. However, given the yearslong pendency of this matter, and in an effort to simplify the procedural posture of this matter, Petitioners shall serve a consolidated petition and Respondents shall answer/move to dismiss the consolidated petition. As Respondents have indicated substantial overlap between their anticipated answers and motions to dismiss, the court sets a single date by which to file answers and motions to dismiss.

**158126/2020  NEMNI, CHANA vs. POOLE, SHEILA J.**                                        **Page 3 of 4**
   **Motion No.  005 006**

3 of 4

[* 3]

Accordingly, it is,

**ORDERED** that the Respondents' motions, sequences 005 and 006, are granted to the extent that leave to reargue is granted; and it is further

**ORDERED** that upon reargument, motion sequences 003 and 004 are decided as follows: intervention and consolidation are granted; leave to proceed under an anonymous caption is granted; Petitioners are directed to serve a consolidated petition; and Respondents are directed to answer/move to dismiss the consolidated petition; and it is further

**ORDERED** that the remainder of motion sequences 003 and 004 are denied, including Respondents' cross-motions to dismiss, without prejudice to renewal upon service of the consolidated petition, answers, and motions to dismiss, if any; and it is further

**ORDERED** that counsel shall confer regarding the appropriate caption in this matter, and no later than November 22, 2024 shall submit a proposed order amending the caption in this matter; and it is further

**ORDERED** that no later than November 22, 2024, Petitioners shall file, via NYSCEF, a consolidated petition, and supporting documentation, asserting all claims by the consolidated Petitioners; and it is further

**ORDERED** that no later than December 20, 2024, Respondents shall file, via NYSCEF, their answers, and supporting documentation, to the consolidated petition; and it is further

**ORDERED** that should Respondents move to dismiss the consolidated petition, they shall do so no later than December 20, 2024; Petitioners shall file opposition papers, if any, to any dismissal motion no later than January 24, 2024; and Respondents shall file reply papers, if any, no later than January 31, 2024.

| | |
|---|---|
| **11/01/2024** | **KATHLEEN WATERMAN-MARSHALL,** |
| **DATE** | **J.S.C.** |

**CHECK ONE:** ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

**APPLICATION:** ☐ SETTLE ORDER ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**158126/2020   NEMNI, CHANA vs. POOLE, SHEILA J.**
**Motion No.  005 006**

**Page 4 of 4**

[* 4]