Matter of Hudson Ridge Wellness Ctr., Inc. v Cortlandt

2026 NY Slip Op 02112

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Hudson Ridge Wellness Center, Inc., et al., petitioners-respondents,

v

Zoning Board of Appeals of the Town of Cortlandt, respondent; Citizens for Responsible Hudson Institute Site Development, Inc., nonparty-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2020-09024, (Index No. 1167/20)

Betsy Barros, J.P.

Linda Christopher

Barry E. Warhit

Helen Voutsinas, JJ.

Zarin & Steinmetz, White Plains, NY (David S. Steinmetz, Brad K. Schwartz, and Lee J. Lefkowitz of counsel), for nonparty-appellant.

Singleton, Davis & Singleton PLLC, Mount Kisco, NY (Robert F. Davis of counsel), for petitioners-respondents.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Cortlandt dated January 15, 2020, which, after a hearing, in effect, confirmed determinations of the Town of Cortlandt Director of Code Enforcement dated March 21, 2019, and May 16, 2019, that the petitioners' proposed project is not a hospital within the meaning of the Town Code of the Town of Cortlandt, nonparty Citizens for Responsible Hudson Institute Site Development, Inc., appeals from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated September 24, 2020. The judgment granted the petition, annulled the determination dated January 15, 2020, and remitted the matter to the Zoning Board of Appeals of the Town of Cortlandt for the issuance of a determination that the petitioners' proposed project is a hospital within the meaning of the Town Code of the Town of Cortlandt.

ORDERED that the judgment is affirmed, with costs.

The petitioners sought to develop seven existing buildings on property located in a residential zoning district in the Town of Cortlandt into a short-term residential treatment program for individuals with a substance use disorder. In determinations dated March 21, 2019, and May 16, 2019, the Town's Director of Code Enforcement determined that the petitioners' proposed project is not a hospital within the meaning of the Town Code of the Town of Cortlandt (hereinafter the Town Code). Such a determination would require the petitioners to acquire a use variance or a zoning amendment, as opposed to an area variance, to develop their proposed facility. In a determination dated January 15, 2020, the Zoning Board of Appeals of the Town of Cortlandt (hereinafter the ZBA), after a hearing, in effect, confirmed the determinations of the Director of Code Enforcement that the petitioners' proposed project is not a hospital within the meaning of the Town Code.

Thereafter, the petitioners commenced this proceeding pursuant to CPLR article 78 to annul the ZBA's determination. Citizens for Responsible Hudson Institute Site Development, Inc. [*2](hereinafter CRHISD), moved for leave to intervene in the proceeding as a respondent. In an order dated May 26, 2020, the Supreme Court denied CRHISD's motion. CRHISD then moved for leave to reargue its prior motion for leave to intervene in the proceeding. In an order dated July 28, 2020, the court granted reargument and, upon reargument, adhered to the determination denying CRHISD's motion for leave to intervene in the proceeding. Subsequently, the court issued a judgment dated September 24, 2020, granting the petition, annulling the ZBA's determination, and remitting the matter to the ZBA for the issuance of a determination that the petitioners' proposed project is a hospital within the meaning of the Town Code. CRHISD appeals.

CRHISD failed to demonstrate its entitlement to intervene in the proceeding. CPLR 7802(d) provides that in a proceeding pursuant to CPLR article 78, the court "may allow other interested persons to intervene." "As CPLR 7802(d) grants the court broader power to allow intervention than is provided pursuant to CPLR 1012 or 1013 in an action, intervention should generally be permitted where the intervenor has a real and substantial interest in the outcome of the proceedings" (Matter of Connectivity Sys., LLC v Zoning Bd. of Appeals of the Town of Ramapo, 227 AD3d 984, 985; see Leonard v Planning Bd. of Town of Union Vale, 136 AD3d 866, 868; Matter of Bernstein v Feiner, 43 AD3d 1161, 1162; County of Westchester v Department of Health of State of N.Y., 229 AD2d 460, 461). "However, 'when deciding whether to grant such a request, a court may properly balance the benefit to be gained by intervention, and the extent to which the proposed intervenor may be harmed if it is refused, against other factors, such as the degree to which the proposed intervention will delay and unduly complicate the litigation'" (Matter of Connectivity Sys., LLC v Zoning Bd. of Appeals of the Town of Ramapo, 227 AD3d at 986, quoting Matter of Pier v Board of Assessment Review of Town of Niskayuna, 209 AD2d 788, 789; see Osman v Sternberg, 168 AD2d 490, 490-491).

Here, these factors weighed against permitting CRHISD to intervene. The interests asserted by CRHISD were environmental, aesthetic, and quality-of-life concerns regarding the petitioners' intended use of the property. However, the sole issue in the proceeding was whether the ZBA's determination, in effect, confirming the determinations of the Director of Code Enforcement that the petitioners' proposed project is not a hospital for zoning purposes under the Town Code, was arbitrary and capricious. Thus, CRHISD failed to show that it has a real and substantial interest in the outcome of the proceeding. Moreover, permitting CRHISD to intervene at this stage of the proceeding would cause undue delay and prejudice to the petitioners. Accordingly, the Supreme Court providently exercised its discretion in denying CRHISD's motion for leave to intervene in the proceeding (see Leonard v Planning Bd. of Town of Union Vale, 136 AD3d at 868; Matter of Patterson Materials Corp. v Zagata, 237 AD2d 365, 366).

The parties' remaining contentions either need not be reached in light of our determination or are without merit.

BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.

2020-09024 DECISION & ORDER ON MOTION

In the Matter of Hudson Ridge Wellness Center, Inc.,

et al., petitioners-respondents, v Zoning Board of

Appeals of the Town of Cortlandt, respondent;

Citizens for Responsible Hudson Institute Site

Development, Inc., nonparty-appellant.

(Index No. 1167/20)

Appeal from a judgment of the Supreme Court, Westchester County, dated September 24, 2020. Motion by the petitioners-respondents, inter alia, to dismiss the appeal from the judgment [*3]on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated March 17, 2021, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

ORDERED that the branch of the motion which is to dismiss the appeal from the judgment on the ground that the appeal has been rendered academic is denied.

BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court